**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PREVAIL HOLDINGS LLC,<br><br>Plaintiff,<br><br>*v.*<br><br>BEACON HEART, LLC, et. al.,<br><br>Defendant. | Case No. 26-cv-02392-AWM-RES |

**MEMORANDUM AND ORDER**

Plaintiff Prevail Holdings, LLC, filed an amended complaint against Defendants Beacon Heart, LLC, et.al., on July 28, 2026, alleging breach of contract, breach of personal guaranty, unjust enrichment, fraud, negligence, and seeking enforcement of a security interest in Defendant Beacon's stock. Defendants did not respond to the complaint, and the Clerk entered default on August 27, 2026. Plaintiff now moves for default judgment. Doc. 18.

Before proceeding with a default judgment, this Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the amount of damages can be ascertained. *Regional District Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). Once default is established, Defendant has no further standing to contest the factual allegations of Plaintiff's claim for relief. *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citation omitted).

Importantly, a default judgment does not establish damages. *Id.* Plaintiff must establish that the amount requested is reasonable under the circumstances, and damages may only be awarded if the record adequately reflects the basis for the award at

a hearing or through the submission of detailed affidavits establishing the necessary facts. *Id.*

Neither the complaint, motion for default, nor declaration of plaintiff's attorney, Benjamin N. Hutnick, explains where the agreement to loan Defendants $1,000,000 was entered into, how it arose, the purpose of the loan, or how Plaintiff arrived at $2,500,000 in damages, which Plaintiff generally describes as principal, interest, and "consequential losses incurred as of June 29, 2026." Doc. 18-1 at 3; *see Zayo Grp., LLC v. 6X7 Networks, LLC*, 637 F. Supp. 3d 1164, 11169 (D. Colo. 2022).

This Court may only enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Hunt v. Inter-Globe Energy, Inc.*, 770 F. 2d 145, 148 (10th Cir. 1985) (citation omitted). And attorney's fees, which Plaintiff asserts are "$653,253.425", Doc. 18-1 at 3, may not be awarded without a hearing to determine the amount. *Id.* The Court will therefore order a hearing before entering a default judgment. *Id.* In determining the amount of damages, the Court will consider the allegations in the complaint and any relevant testimony and evidence.

The Court sets this matter for a hearing on November 9, 2026, at 9:00 a.m. in Topeka Courtroom 403. A final order on the motion for default judgment will be entered following the hearing.

The Clerk shall mail a copy of this Order to the Defendant. A failure to appear at the hearing or to take action to set aside entry of default will likely result in entry of default judgement and an assessment of damages against Defendant.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge